IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00960-BNB

HAROLD THORNTON,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Mr. Thornton is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Florence, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 7]. Mr. Thornton has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Application liberally because Mr. Thornton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thornton will be ordered to file an amended Application.

    The Application is deficient because it appears to contain a claim that is not cognizable under the federal habeas corpus statutes. In his second claim for relief, Mr. Thornton asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated when prison officials failed to protect him from being attacked by another inmate. Claims challenging an inmate's conditions of confinement are not

cognizable under 28 U.S.C. § 2241.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499, (1973) ("[A] § 1983 action is a proper remedy for a ... state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").  Instead, such claims brought by a federal prisoner must be asserted in a Prisoner Complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  *See id.*; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* . . .–not through federal habeas proceedings," citing *McIntosh*).  Accordingly, it is

ORDERED that Mr. Thornton file, **within thirty days from the date of this Order**, an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that does not include any claim challenging the conditions of his confinement. Applicant may assert his Eighth Amendment claim in a separate action pursuant to *Bivens* on the court-approved Prisoner Complaint form.  It is

FURTHER ORDERED that Mr. Thornton shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Thornton fails to comply with this Order within the time allowed, the action will be dismissed without further notice.

DATED June 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge