IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00960-BNB

HAROLD JEROME THORNTON,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Harold Jerome Thornton, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and is incarcerated currently at the United States Penitentiary in Jonesville, Virginia.[1] Mr. Thornton has filed *pro se* an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 10] and has paid the $5.00 filing fee.

On July 10, 2013, Magistrate Judge Boyd N. Boland entered an order [Doc. # 11] directing Applicant to show cause, in writing and within thirty days, why claim three of the amended Application should not be dismissed because it appears that Applicant has an adequate and effective remedy for that claim under 28 U.S.C. § 2255. Mr. Thornton filed a Response to Order to Show Cause on August 19, 2013. [Doc. # 15].

On August 22, 2013, Magistrate Judge Boland directed the Respondent to file a preliminary response to claims one and two of the amended Application, limited to addressing the affirmative defense of exhaustion of administrative remedies if

---

[1] At the time of filing, Mr. Thornton was incarcerated at USP-Florence, Colorado.

Respondent intended to raise that defense in this action. [Doc. # 16]. On September 6, 2013, Respondent filed a preliminary response [Doc. # 21] arguing that claims one and two should be dismissed for failure to exhaust administrative remedies. Mr. Thornton was allowed to file a reply, but did not.

The Court must construe liberally Mr. Thornton's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

I.  **Claims One and Two**

In claims one and two of the amended Application, Mr. Thornton challenges his disciplinary conviction at USP-Allenwood, Pennsylvania, in connection with Incident Report No. 2156390, as a violation of his Fifth Amendment due process rights. He claims that he was issued a forged incident report; denied an adequate investigation into the disciplinary charge; forced to admit guilt; denied a staff representative at his disciplinary hearing; and found guilty by a biased Disciplinary Hearing Officer (DHO). [Doc. # 10, at 2-3]. The DHO sanctioned Mr. Thornton with, *inter alia*, the forfeiture of forty days of good time credits. [*See* Doc. # 10, at 13].

Respondent argues that claims one and two of the amended Application should be dismissed because Mr. Thornton has failed to exhaust administrative remedies. [Doc. # 21, at 3]. Applicant does not make an affirmative statement concerning his exhaustion of administrative remedies in the amended Application. [Doc. # 10, at 2].

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus

relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if an applicant can demonstrate that exhaustion is futile."  *Garza*, 596 F.3d at 1203.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Thornton.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate Regional Director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id.*

Where a determination is made by a Discipline Hearing Officer ("DHO"), the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director. 28 C.F.R. § 542.14(d)(2). However, as stated above, the step after the Regional Director is a final appeal to the Central Office. 28 C.F.R. § 542.15(a).

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

The administrative remedy records submitted by Respondent demonstrate that Mr. Thornton has failed to exhaust his administrative remedies with the BOP for claims one and two asserted the amended Application. On November 4, 2011, Mr. Thornton attempted to file an appeal of his DHO conviction with the Regional Director (Administrative Remedy (AR) 663926-R1). [*See* Doc. # 21-1, Declaration of Kara Lundy, at ¶ 13, and attach. 2, at 26]. The appeal was rejected because Applicant failed to attach a copy of the DHO Report or otherwise identify the charges and date of the DHO action he was appealing. [*Id.*]. Applicant was given ten days to resubmit his appeal. [*Id.*, at ¶ 13]. On November 9, 2011, Applicant attempted to appeal the

rejection of AR 663926-R1 to the Central Office, but the Central Office rejected it on procedural grounds (AR 663926-A1). [*Id.*, at ¶ 14, and attach. 2, at 27]. Applicant was advised to resubmit his appeal to the Regional Director within 15 days for review and determination and to provide a copy of the DHO Report or identify the charges and date of DHO action. [*Id.*].

On December 2, 2011, Applicant resubmitted his appeal to the Regional Director. [Doc. # 21-1, at ¶ 15, and attach. 2, at 27]. The appeal (AR 663926-R2) was rejected on procedural grounds as untimely. [*Id.*]. Applicant was advised that he needed to provide staff verification for his appeal being untimely. [*Id.*].

On January 27, 2012, the Applicant attempted to appeal the rejection of Administrative Remedy 663926-R2 to the Central Office. [Doc. # 21-1, at ¶ 16, and attach. 2 at 28]. The Central Office rejected the appeal (AR 663926-A2) on the procedural grounds that Applicant needed to submit his appeal to the regional office for review and determination and to provide a copy of the DHO report or identify the charges and date of the DHO action. [*Id.* at ¶ 16, and attach. 2, at 29].

On March 18, 2013, Mr. Thornton attempted to refile AR 663926-A2 at the regional level. [*Id.* at ¶ 17, and attach. 2, at 30]. The appeal (AR 663926-R3) was rejected on procedural grounds as untimely, and Applicant was advised that he had failed to follow the previous instruction to provide staff verification for his untimely appeal. [*Id.*]. Mr. Thornton has not attempted to resubmit AR 663926-R3 at any level of the administrative remedy process. [*Id.* at ¶ 18, and attach, 2].

In the meantime, on November 8, 2011, Applicant attempted to file a second administrative remedy concerning the DHO Report directly with the Central Office (AR

665083-A1). [Doc. # 21-1, at ¶ 19, attach. 2, at 26]. The appeal was rejected on procedural grounds because Mr. Thornton submitted the appeal to the wrong level or office. [*Id.*]. Applicant was advised to first file an appeal with the regional office. [*Id.*]. Applicant did not resubmit AR 665083-A1 at any level of administrative review. [Doc. # 21-1, at ¶ 20; attach. 2].

Crucially, "exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford,* 548 U.S. at 90 (quotation marks omitted). Mere "good-faith efforts to comply with grievance procedures . . . do[ ] not excuse failure to exhaust." *Bridgeforth v. Workman*, No. 10-7059, 410 Fed.Appx. 99, 100-01 (10th Cir. Dec. 9, 2010) (unpublished) (applying exhaustion requirement of Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)). The Court finds that Mr. Thornton did not exhaust the BOP's available administrative remedies.

Mr. Thornton attaches to the amended Application a copy of a November 28, 2011 Memorandum for Administrative Remedy File prepared by his unit manager which states that on November 28, 2011, the unit manager provided Mr. Thornton with the "documents" Applicant needed to submit his appeal and that an extension of the administrative deadline "may be appropriate in this case." [Doc. # 10, at 17]. However, Applicant does not allege in the amended Application, or in an attachment thereto, that he submitted a copy of the DHO Report, or the Memorandum, to the Regional Director, as instructed. The Court thus finds that the futility exception to the exhaustion requirement does not apply because there is no evidence that administrative relief was "effectively foreclosed" to Mr. Thornton. *See Goodwin v. Oklahoma*, 923 F.2d 156, 158

(10th Cir. 1991); see also Cantrall v. Chester, No. 11-3167, 454 F. App'x 679, (10th Cir. Jan. 6, 2012) (unpublished) (exhaustion requirement not satisfied where petitioner's administrative appeals were rejected due to procedural defects with his filings, and there was nothing in the administrative record to suggest that the administrators necessarily would have rejected his claims on the merits had he complied with proper procedures).

To summarize, Mr. Thornton has not completed the BOP's formal administrative remedy program for any remedies related to the subject matter of the amended Application and he has failed to demonstrate that exhaustion would be futile. Therefore, claims one and two of the amended Application will be dismissed without prejudice for failure to exhaust administrative remedies.

## II.     Claim Three

In claim three of the amended Application, Mr. Thornton asserts that his sentence was enhanced unlawfully by prior convictions because the prosecution failed to comply with the procedural requirements of 21 U.S.C. § 851. [Doc. # 10, at 4]. This claim attacks the legality of Applicant's sentence. As discussed previously, Magistrate Judge Boland ordered Applicant to show cause why claim three of the amended Application should not be dismissed because it appears that Applicant has an adequate and effective remedy for the claim under 28 U.S.C. § 2255. [Doc. ## 11, 15].

The Court's PACER docketing system reflects that Mr. Thornton was convicted in the United States District Court for the Middle District of Florida Case No. 97-cr-00082-RAL-1 of three counts of the unlawful sale or distribution of narcotics. He was also convicted in Case No. 97-cr-00083-RAL-1 of unlawful transport of firearms, importing

7

explosive material, and other offenses. Mr. Thornton filed an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in April 2003 (Case No. 97-cr-00082-RAL-1), which was denied by the sentencing court in January 2004. The Eleventh Circuit Court of Appeals thereafter denied a certificate of appealability.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Thornton bears

the burden of establishing that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Thornton fails to demonstrate in the amended Application, or in his Response to Order to Show Cause [Doc. # 15], that the remedy available to him pursuant to § 2255 is inadequate or ineffective. That he has sought and been denied relief pursuant to § 2255, or is likely barred from raising his claims in a second or successive motion pursuant to § 2255, does not mean the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673; *Caravalho*, 177 F.3d at 1179. Accordingly, claim three will be dismissed for lack of statutory jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Thornton files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

### III.    Orders

Accordingly, it is

ORDERED that claims one and two of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 10], filed by Applicant Harold

Thornton, are DENIED for failure to exhaust administrative remedies. It is

FURTHER ORDERED that claim three of the amended Application is DENIED because Mr. Thornton fails to demonstrate that the remedy available to him in the United States District Court for the District of Columbia is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that the amended Application is DISMISSED WITHOUT PREJUDICE for the reasons discussed above. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Applicant may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of    October   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court